1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS INC, | CASE NO. C24-01282-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| MAVERICK SWEEPING LLC et al., | |
| Defendant(s). | |

      Plaintiff Northwest Administrators, Inc. moves for default judgment against Defendants Maverick Sweeping LLC ("Maverick Sweeping") and Maverick Trucking & Materials LLC ("Maverick Trucking").  Dkt. No. 12.  For the reasons below, Plaintiff's motion is GRANTED.

## I.    BACKGROUND

**A.    Factual Allegations**

      Plaintiff is a Washington corporation and the authorized administrative agency for the Western Conference of Teamsters Pension Trust Fund (the "Trust").  Dkt. No. 1 at 1.  Defendants are California limited liability companies.  *Id.* at 2.  The Trust operates under § 302 of the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*, to provide retirement benefits to eligible participants.  *Id.* at 1.

      Maverick Sweeping agreed to a collective bargaining agreement with Local 986 of the International Brotherhood of Teamsters ("Local 986").  Dkt. No. 1 at 2, Dkt. No. 13-1 at 2, Dkt.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

No. 13-3.   Likewise, Maverick Trucking agreed to a collective bargaining agreement with Local 848 of the International Brotherhood of Teamsters ("Local 848").  Dkt. No. 1 at 2–3, Dkt. No. 13-2 at 2.  Both agreements required Defendants to report and pay monthly contributions to the Trust. Dkt. No. 13-1 at 2, Dkt. No. 13-2 at 2.  These contributions are based on the compensation rates Defendants pay to its employees who are represented by Local 986 and 848.  Dkt. No. 1 at 2–3. Defendants also accepted Plaintiff's Trust Agreement and Declaration, and agreed to pay liquidated damages equal to 20% of all delinquent and late contributions due to the Trust, interest accruing upon each delinquent contribution, and attorney's fees and costs incurred relating to the Defendants' unpaid obligations.  *Id.* at 3, Dkt. No. 13-3 at 14.

Plaintiff alleges that Maverick Sweeping failed to promptly report and pay contributions to the Trust since March 1, 2024.  Dkt. No. 1 at 3, Dkt. No. 13-4 at 3, Dkt. No. 13-5 at 2, Dkt. No. 13-8 at 2.   Plaintiff also claims that Maverick Trucking failed to promptly report and pay contributions to the trust for the employment periods of June 2022, June 2023, October 2023, December 2023, and since April 1, 2024.  Dkt. No. 1 at 4, Dkt. No. 13 ¶¶ 15–16, Dkt. No. 13-4 at 3, Dkt. No. 13-5 at 3, Dkt. No. 13-9 at 2–3.

**B.    Procedural History**

Plaintiff initiated this action on August 19, 2024 (Dkt. No. 1), and properly served Defendants on September 6, 2024.  Dkt. Nos. 5, 6.  Plaintiff seeks all delinquent contributions due to the Trust, liquidated damages and pre-judgment interest, and attorney's fees and costs incurred in connection with Defendants' delinquency.  Dkt. No. 1 at 5.  Plaintiff also seeks a court order compelling Defendants to provide monthly accounting to Plaintiff.[1]  *Id.* at 6.  On November 19, 2024, Plaintiff moved for entry of default, and the clerk entered default the same day.  Dkt. Nos.

---

[1] Plaintiff did not make this request in its motion for default judgment and as such the Court does not address the propriety of this relief.  Dkt. No. 12.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 2

8, 9.  On April 25, 2025, Plaintiff moved for default judgment.  Dkt. No. 12.  Defendants have not appeared in this case.

## II.   DEFAULT JUDGMENT STANDARD

While courts generally prefer to decide cases "upon their merits whenever reasonably possible," the court has discretion to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  At the default judgment stage, the court "takes the well-pleaded factual allegations in the complaint," except for those related to damages, "as true."  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)) (cleaned up); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps*, 980 F.2d at 1267.  When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Eitel*, 782 F.2d at 1471–72.  This District also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought" and other documentation depending on the relief sought.  Local Rule W.D. Wash. LCR 55(b)(2).

"Generally, default judgment is a two-step process: first, the court determines that a default judgment should be entered; then, it determines the amount and character of the relief that should be awarded."  *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2023 WL 3269759, at *3 (W.D. Wash. May 5, 2023) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18

1    (9th Cir. 1987)).  If the Court finds that Plaintiffs have established Defendant's liability, it must

2    ensure that the amount of damages is reasonable and demonstrated by Plaintiffs' evidence.  Fed.

3    R. Civ. P. 55(b)(2); LCR 55(b)(2).

### III.    ANALYSIS

#### A.    The Court Has Jurisdiction Over This Action.

6          The Court has jurisdiction over this action under ERISA.  *See* 29 U.S.C. § 1132(e)(1), (f).

7    Venue is proper in this district because Plaintiff's trust funds are administered in this district.  29

8    U.S.C. § 1132(e)(2).  Likewise, the Court has personal jurisdiction over Defendants because

9    "service on a defendant in an ERISA case anywhere in the United States is sufficient to establish

10   personal jurisdiction, and there is no need to engage in the 'minimum contacts' analysis."  *Schuett*

11   *v. FedEx Corporation Retirement Appeals Comm.*, No. 15-CV-0189-PJH, 2015 WL 4484153, at

12   *5 (N.D. Cal. July 22, 2015) (citing *Cripps*, 980 F.2d at 1267).

#### B.    Plaintiff Has Satisfied the *Eitel* Factors and Default Judgment Is Proper.

14         Considering the *Eitel* factors, default judgment is appropriate here.  First, prejudice towards

15   Plaintiff exists because Plaintiff has no other "recourse for recovery" other than default judgment.

16   *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014).  Defendants have

17   notice of this ongoing lawsuit, and Plaintiff has no other legal remedy to compensate the delinquent

18   amounts due to the Trust and the costs for pursuing the overdue fees.  *Bd. of Trs. of U.A. Loc. No.*

19   *159 Health & Welfare Tr. Fund v. RT/DT, Inc.* ("*RT/DT*"), No. C 12-05111 JSW, 2013 WL

20   2237871, at *4 (N.D. Cal. May 21, 2013) ("Because ERISA provides that federal courts have

21   exclusive jurisdiction for claims of this nature, denial of Plaintiffs' [Default Judgment] Motion

22   would leave them without a remedy.").

23         The second and third *Eitel* factors—the merits of the claims and sufficiency of the

24   complaint—are often "analyzed together and require courts to consider whether a plaintiff has

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

stated a claim on which it may recover." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *5 (D. Ariz. Mar. 27, 2020). "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Federal Nat. Mortg. Ass'n v. George*, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015). When a complaint sufficiently states a claim for relief, then the second and third *Eitel* factors favor default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Taking the Plaintiff's allegations as true and considering the supporting materials, Plaintiff has satisfied the second and third *Eitel* factors and sufficiently pled claims for delinquent contributions under ERISA. Section 515 of ERISA provides that

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Plaintiff has submitted evidence of the parties' agreements that bound Defendants to the Master Labor Agreement. Dkt. Nos. 13-1, 13-2. The agreements' unambiguous terms show that Defendants were required to timely report and pay employee benefit contributions to the Trust. Dkt. No. 13-3. Plaintiff provided records of Defendants' failure to comply with their reporting and payment obligations, and Plaintiff's delinquency notices to Defendants. Dkt. No. 13 ¶ 16, Dkt. Nos. 13-6, 13-7, 13-8, 13-9. Therefore, Plaintiff has adequately stated a claim for Defendants' liability under 29 U.S.C. § 1145 for delinquent contributions, and the second and third *Eitel* factors weigh in favor of default. *See, e.g.*, *RT/DT*, 2013 WL 2237871, at *4; *Boards of Trs. of Locs. 302 & 612 of Int'l Union of Operating Eng'rs Constr. Indus. Health & Sec. Fund v. Barry Civ. Constr., Inc. ("Barry")*, No. 2:21-CV-00209-JHC, 2022 WL 17444075, at *3 (W.D. Wash. Dec. 6, 2022).

The fourth *Eitel* factor "considers whether the amount of money requested is proportional to the harm caused." *Barry*, 2022 WL 17444075, at *3 (quoting *Sun Life Assurance Co. of Canada v. Est. of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020)).  In enforcing Section 515 and granting a judgment in favor of a plan, ERISA directs courts to award the plan:

> (A) the unpaid contributions
> (B) interest on the unpaid contributions
> (C) an amount equal to the great of
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20% ...
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  Here, Plaintiff requests default judgment totaling $22,668.78.  Dkt. No. 12 ¶ 17.  This amount includes $15,994.04 in unpaid contributions, $3,198.81 in liquidated damages, $1,586.33 in pre-judgment interest, $1,029 in attorney's fees, and $860.60 in costs.  *Id.* Putting aside the attorney's fees and costs, Plaintiff accounts for all amounts in the collective bargaining agreements, the Master Labor Agreement, and the Plaintiff's records of the overdue contributions.  *See* Dkt. No. 13-8 at 2 (Maverick Sweeping's amount due), Dkt. No. 13-9 at 2–3 (Maverick Trucking's amount due), Dkt. No. 12-2 at 2 (U.S. Employee Benefits Security Administration table of varying annual interest rates on delinquent contributions), Dkt. No. 13-1 at 2 (Maverick Sweeping's collective bargaining agreement), Dkt. No. 13-2 at 2 (Maverick Trucking's collective bargaining agreement), Dkt. No. 13-3 at 14 (Master Labor Agreement term governing delinquent contributions).  Therefore, the sum, which is supported by § 1132(g)(2) and the parties' agreements, is proportional to Plaintiff's claim.  The fourth *Eitel* factor thus favors default judgment.  *See, e.g.*, *Barry*, 2022 WL 17444075, at *3; *RT/DT*, 2013 WL 2237871, at *4.

The fifth factor—possibility of dispute over material facts—weighs in favor of default judgment. Again, in deciding a default judgment, the Court must take well-pleaded factual allegations in Plaintiff's favor. *DIRECTV, Inc.*, 503 F.3d at 854. Moreover, Plaintiff proffers evidence that is likely difficult to rebut. Where a defendant's obligations "under the collective bargaining agreement are clear, the possibility for any factual disputes is unlikely." *RT/DT*, 2013 WL 2237871, at *6. Plaintiff properly served Defendants with the summons and complaint on September 6, 2024. Dkt. Nos. 5, 6. The agreements themselves are unambiguous, and Plaintiff issued several deficiency notices to Defendants prior to this action. And Plaintiff's claims for delinquent contributions is based in part on Defendant's incomplete reporting. As such, the fifth factor favors default judgment.

Under the sixth *Eitel* factor, the Court considers whether Defendants' failure to respond was due to excusable neglect. Considering Plaintiff's proper notice of this action and Plaintiff's pre-litigation attempts to collect the overdue payments, the relevant record does not suggest that Defendants' absence in this case was based on excusable neglect. *See Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *5 (W.D. Wash. Jan. 31, 2014) (cleaned up) ("In the default judgment context, there is no excusable neglect where a defendant is 'properly served with the Complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion.'"). Therefore, this factor supports default judgment.

The seventh *Eitel* factor requires the Court to consider whether default judgment is appropriate in light of the general principle that cases should be decided on their merits. This policy "will almost always disfavor the entry of default judgment." *Vawter v. Quality Loan Serv. Corp. of Washington*, No. C09-1585JLR, 2011 WL 1584424, at *3 (W.D. Wash. Apr. 27, 2011). However, on balance, the other factors discussed outweigh this single factor disfavoring default judgment, and default judgment is not precluded based on this policy favoring decision on the

merits. *See Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591, at *4 (W.D. Wash. July 6, 2020) (finding "that in instances where a defendant's failure to appear makes a decision on the merits 'impractical, if not impossible,' any preference for deciding cases on the merits 'does not preclude a court from granting default judgment'").

In sum, after applying the *Eitel* factors, the Court concludes that default judgment is appropriate here.

**C.    Relief Sought**

1.    <u>Amounts Due</u>

Under the parties' agreements, Plaintiff seeks $15,994.04 in unpaid contributions, $3,198.81 in liquidated damages, and $1,586.33 in pre-judgment interest. Dkt. No. 12 at 8, Dkt. No. 1 at 5, Dkt. No. 13-3 at 14 (Master Labor Agreement). To support this request, Plaintiff submits a declaration from Miriam Williams, a Senior Manager for Northwest Administrators, Inc., who has custody of the relevant business records documenting the contributions owed by Defendants. Dkt. No. 13 at 1. The declaration establishes that at the time the complaint was filed, Defendants owed $15,994.04, which remains unpaid. Dkt. No. 13-8 at 2, Dkt. No. 13-9 at 3. The declaration and attached exhibits also establish that Defendants owe $3,198.81 in liquidated damages (or 20% of the contributions), and $1,586.33 in interest as of April 25, 2025. Dkt. No. 13-8 at 2, Dkt. No. 13-9 at 3, Dkt. No. 13-3 at 14.

Section 1132(g)(2) allows a trustee to collect interest on all delinquent contributions once they prevail on a Section 515 claim. 29 U.S.C. § 1132(g)(2). The "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *Id.* Additionally, the Ninth Circuit has held that liquidated damages awards under § 1132(g)(2) are "mandatory and not discretionary." *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying Co.*, 746 F.2d 557, 569 (9th Cir. 1984); *see also id.* (stating that

the court "*shall* award" the plan liquidated damages) (emphasis added).  A prevailing trustee is entitled to a mandatory award under § 1132(g)(2) if: (1) the employer remains delinquent at the time the action is initiated; (2) the district court enters judgment against the employer; and (3) the plan provides for such an award.  *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).  Any liquidated damages provided in a trust agreement cannot exceed 20% of the amount in delinquent contributions.  29 U.S.C. § 1132(g)(2)(C)(ii).

Plaintiff has satisfied the three requirements for a mandatory award under § 1132(g).  First, a delinquency existed at the time Plaintiff initiated this action.  Dkt. No. 13 ¶ 16.  Second, the Court has found that default judgment should be entered against Defendants.  *See supra* Section II(B).  Third, the agreements authorize the award of liquidated damages following default by an employer.  Dkt. No. 13-3 at 14.  And lastly, the liquidated damages requested and provided in the Master Labor Agreement do not exceed 20% of the unpaid contributions.  *See id.*; Dkt. No. 13-8 at 2, Dkt. No. 13-9 at 3.

Therefore, Plaintiffs are entitled to an award of $15,994.04 in unpaid contributions, $3,198.81 in liquidated damages, and $1,586.33 in pre-judgment interest.

2.  Attorney's Fees and Costs

Plaintiff seeks $1,029.00 in attorney's fees and $860.60 in costs.  Dkt. No. 12 at 8.  Under 29 U.S.C. § 1132(g)(2), the Court must award attorney's fees to trustees that prevail in actions to enforce and collect benefit fund contributions.  *See also Kemmis v. McGoldrick*, 706 F.2d 993, 997 (9th Cir. 1983).  However, the Ninth Circuit has provided five factors that courts should consider when deciding whether special circumstances warrant denying attorney's fees:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and

beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*RT/DT*, 2013 WL 2237871, at *8 (citing *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)).  Here, these factors weigh in favor of awarding attorney's fees to Plaintiff.  First, Plaintiff has adequately supported its claims regarding Defendants' delinquency, and nothing in the record appears to justify Defendants' failure to make the required payments, including any indication that Defendants lack the funds to make contributions—and likewise satisfy a fee award. Award of attorney's fees would deter other employers from failing to make such payments on employee contributions.  As such, awarding attorney's fees and costs is appropriate.

To determine whether Plaintiff's fee request is reasonable, the Court applies the hybrid lodestar/multiplier approach.  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  The approach has two parts.  First, the Court calculates the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*  The party seeking fees and costs must provide evidence supporting the hours worked and the rates claimed.  *Id.*  The Court excludes hours that are "excessive, redundant, or otherwise unnecessary."  *Id.*

Second, the Court may adjust the lodestar amount upwards or downward using a "multiplier" "based on factors not subsumed in the initial calculation of the lodestar."  *Van Gerwen*, 214 F.3d at 1045.  The multiplier should only be used to adjust the lodestar amount in "rare" and "exceptional" cases, supported by specific evidence that the lodestar amount is unreasonably low or high.  *Id.*

In this case, Plaintiff's counsel billed a total of 7.63 hours in connection with this suit.  Dkt. No. 12-3 at 2.  Mr. Russel J. Reid, Plaintiff's counsel, billed 1.13 hours at $300 per hour; Ms.

Shelly Azus, a legal assistant, billed 5 hours at $120 per hour; and Ms. Shantel Chance, an office assistant, billed 1.5 hours at $60 per hours.  *Id.*

　　　　To determine the appropriate lodestar amount, the Court must assess the reasonableness of the hourly billing rate.  *Van Gerwen*, 214 F.3d at 1046.  Counsel's billing rate at $300 per hour is lower than the range found reasonable in ERISA actions by other judges in the Ninth Circuit.  *See, e.g.*, *Bd. of Trs. Of the Laborers Health and Welfare Trust Fund v. Perez*, 2011 WL 6151506, at *14 (N.D. Cal. Nov. 7, 2011) (finding hourly rates of $325 and $345 reasonable in ERISA case); *Nw. Adm'rs v. Cy Expo LLC*, No. 2:24-CV-00866-TL, 2024 WL 5186899, at *3 (W.D. Wash. Dec. 20, 2024) (finding $300 hourly rate reasonable).  Likewise, the fees requested for non-attorney work are consistent with or lower than those awarded in similar ERISA default judgment cases.  *See Trs. Of Constr. & Laborers Health & Welfare Tr. V. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) ("[F]ees for work performed by non-attorneys may be billed separately, at market rates, if this is 'the prevailing practice in a given community[.]'"); *Cy Expo LLC*, 2024 WL 5186899, at *3 (collecting cases).

　　　　Next, the Court considers whether the number of hours billed is reasonable.  Plaintiff must submit detailed records justifying the hours expended.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  Plaintiff's counsel submitted a declaration and attached billing records that provide a summary of the work and specific tasks completed.  Dkt. No. 12-3 at 2.  After considering the record, and Plaintiff's success in obtaining a default judgment, the Court finds that 7.63 hours billed is a reasonable number expended.  *See Little v. Edward Wolff & Assocs. LLC*, No. 2:21-CV-00227-LK, 2023 WL 6196863, at *7 (W.D. Wash. Sept. 22, 2023) (result of default judgment motion a factor in assessing reasonableness); *Cy Expo LLC*, 2024 WL 5186899, at *3 (5.72 hours of attorney work in ERISA default judgment considered reasonable); *Nw. Adm'rs, Inc. v. U.S. Parking, Inc.*, No. C-09-2142 PJH (JCS), 2010 WL 1854151, at *4 (N.D. Cal. Apr. 2,

2010), *report and recommendation adopted as modified*, No. C 09-2142 PJH, 2010 WL 1854147 (N.D. Cal. May 6, 2010) (4 hours of attorney work is reasonable).  *C.f. Perez*, 2011 WL 6151506, at *14 (considering 34.8 hours of work unreasonable).

Finally, the Court considers the costs incurred: (1) $405 in filing fees, (2) $250 for cost to serve two defendants, (3) $125 to serve the subpoenas, and (4) $80.60 for the witness fee and mileage fee associated with the subpoenas.  Dkt. No. 12-3 at 2.  Under the Local Civil Rules, Plaintiff may request costs "necessarily incurred in the case" and "actually and necessarily performed".  LCR 54(d)(1).  They may include "filing fees, witness fees, and other types of fees[.]" *Id.*  The Court concludes that these requested costs were reasonably necessary and actually performed.  Plaintiff is entitled to the full award of attorney's fees and costs.

## IV.   CONCLUSION

Based on the above analysis, the Court GRANTS Plaintiff's motion for default judgment and ENTERS judgment against Defendants.  The Court AWARDS Plaintiff as follows:

- $15,994.04 in unpaid contributions,
- $3,198.81 in liquidated damages,
- $1,586.33 in pre-judgment interest,
- $1,029.00 in attorney's fees, and
- $860.60 in costs.

Dated this 17th day of June, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 12